RECEIVED
USDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
5/8/15
yr

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEKARIUS GERMANE EDWARDS | DOCKET NO. 15-CV-820; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Dekarius Germane Edwards, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 24, 2015. [Doc. #1] Petitioner is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that he is being unlawfully detained in violation of the constitution of the United States.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

Petitioner alleges that, on September 23, 2012, he was unlawfully arrested without a "real warrant." He argues that he did not receive a probable cause hearing within 48 hours after the arrest, so he should have been released.

He states that he filed a "grievance" in the Tenth Judicial District Court in February 2015, which was denied. He sought no further review in the Louisiana appellate or supreme courts.

Petitioner asks that this Court release him from custody and

award him compensation for wrongful imprisonment.

### *Law and Analysis*

Petitioner is a pre-trial detainee who is challenging his present detention. Thus, his petition is properly filed as seeking relief pursuant to 28 U.S.C. §2241, which applies to persons in custody awaiting trial who have not yet been convicted. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) citing Ojo v. INS, 106 F.3d 680, 681 (5th Cir.1997), Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987).

The requirement of exhaustion of state court remedies in a federal habeas corpus proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson, 816 F.2d at 225; Picard v. Connor, 404 U.S. 270, 275, (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have

provided all state courts that could review the matter with a fair opportunity to review all of the habeas corpus claims. Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 277 (1982).

With regard to habeas petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. Dickerson, 816 F.2d at 224-225; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973); Robinson v. Wade, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.").

Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. See Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985). In Louisiana, this requires that the claims be presented to the Louisiana Supreme Court by way of either a petition for discretionary review or post-conviction writ of habeas corpus. See Deters, 985 F.2d at 795; Procunier, 762 F.2d at 432; see also Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995)(exhaustion of state

remedies may be accomplished either directly or collaterally). Absent exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. See Braden, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. See id. at 493.

In order to satisfy the exhaustion requirement, the party seeking habeas relief must have provided all state courts that could review the matter with a fair opportunity to review all of his habeas corpus claims before a federal court will review those claims. See Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 277 (1982); Picard v. Connor, 404 U.S. 270, 275 (1971). Under the law of Louisiana, a detainee claiming that he is entitled to immediate release must raise his challenge by a writ of habeas corpus under the criminal jurisdiction of the appropriate district court. See La.C.Cr.P. arts. 351, et seq; Madison v. Ward, 00-2842 (La.App. 1st Cir. 7/3/02), 825 So.2d 1245, 1254 (en banc). The district court's denial of such a claim is not appealable; however, it is reviewable by the appropriate court of appeal by supervisory writ. LSA-C.Cr.P. art. 369; Madison, 825 So.2d at 1250; Bernard v. Louisiana Dept. of Public Safety and Corrections, 2000-1912 (La.App. 1 Cir. 9/20/02), 843 So.2d 413. Thereafter, a state habeas petitioner must seek further review in the Louisiana Supreme Court.

Before Petitioner may seek federal habeas relief, he must present his habeas claims to the Louisiana Supreme Court in a procedurally appropriate manner. Petitioner has not properly invoked the jurisdiction of the Third Circuit Court of Appeals or the Louisiana Supreme Court, both of which are empowered with supervisory jurisdiction over the lower court. His federal habeas corpus petition must be dismissed absent proof on petitioner's part that he fairly presented his claims to the Tenth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court.

Additionally, Petitioner's habeas claim for monetary damages fails. Such relief is not available by way of a habeas corpus petition. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) ("A habeas petition ... is the proper vehicle to seek release from custody."); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir.1994) (A §1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas is the appropriate federal remedy for a state prisoner challenging the fact of his confinement).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus under Section 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 7th day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE